UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL ) | |
| WORKERS UNION LOCAL NO. 655, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ST. JOHN'S MERCY HEALTH SYSTEM, ) | |
| d/b/a ST. JOHN'S MERCY MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF TO ENFORCE ARBITRATION AWARD**

Comes now plaintiff United Food and Commercial Workers Union Local No. 655, by and through its attorneys, and for its cause of action against defendant St. John's Mercy Health System, d/b/a St. John's Mercy Medical Center, alleges and states as follows:

1.   This action arises under, and jurisdiction is conferred on this Court by virtue of, Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. §185. Plaintiff brings this action seeking enforcement of an arbitration award issued by an impartial arbitrator.

2.   Plaintiff United Food and Commercial Workers Union Local No. 655 (hereinafter "UFCW Local 655" or "the Union") is a labor organization representing employees in an industry affecting commerce, as defined in Sections 501(1) and (3) and Section 2(5) of the LMRA, 29 U.S.C. §§142(1) and (3) and §152(5), and within the meaning of Section 301 thereof, 29 U.S.C. §185.

3.   Plaintiff UFCW Local 655 maintains its principal offices in St. Louis County, Missouri, within the territorial jurisdiction of this Court.

4. Defendant St. John's Mercy Health System, d/b/a St. John's Mercy Medical Center (hereinafter "the Medical Center") is a Missouri not-for-profit corporation authorized to do business in the State of Missouri and has an office and place of business in St. Louis County, Missouri, within the territorial jurisdiction of this Court.

5. The Medical Center is an employer engaged in an industry affecting commerce as defined in Sections 501(1) and (3) and Sections 2(2) of the LMRA, 29 U.S.C. §§142(1) and (3) and §152(2), and within the meaning of Section 301 thereof, 29 U.S.C. §185.

6. UFCW Local 655 and the Medical Center are bound by a collective bargaining agreement ("CBA") effective from October 23, 2004 through October 22, 2007. The CBA is attached hereto as Exhibit 1.

7. Article 14 of the CBA contains, *inter alia,* a "just cause" provision governing discipline. This provision states in relevant part:

> Section 14.1  Discipline.  The Union recognizes the Medical Center's right to discharge, suspend, demote or otherwise discipline an RN *for just cause*. In the event of Medical Center action in such cases, the Union and the RN shall be limited to the right to present the case solely as a grievance under the grievance procedure. Except in case of aggravated misconduct, no RN shall be discharged without first being given appropriate *progressive discipline.*

(emphasis added)

8. Article 15 of the CBA contains a mechanism for resolving grievances. Section 15.1, Step 5 of the agreement provides that in the event that the parties cannot come to a satisfactory agreement on a grievance, then an impartial arbitrator will be selected by the parties to resolve the dispute. The CBA provides that the impartial arbitrator's decision shall be final and binding on all

2

parties. Section 15.1, Step 5 states further that "[t]he Arbitrator shall not have the power to add to, subtract from, or modify in any way the terms of this Agreement or to substitue her or his discretion for that of the Medical Center in matters of discipline . . ."

9. Cathy Schleef is an employee of the Medical Center who, at all relevant times, was represented for purposes of collective bargaining by UFCW Local 655. Schleef was last employed by the Medical Center as a Nurse Practitioner in the Neonatal Intensive Care Unit ("NICU"), where she has consistently been recognized as an excellent practitioner.

10. On February 14, 2005, the Medical Center discharged Schleef for statements she made to the media and others prior to and during a labor strike of the Medical Center by UFCW Local 655 that occurred from December 15, 2004 to January 21, 2005.

11. Pursuant to the grievance procedure, UFCW Local 655 timely filed a grievance challenging Schleef's discharge.

12. UFCW Local 655 also timely filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") over Schleef's discharge. The NLRB deferred Schleef's charge to arbitration.

13. The parties were unable to reach agreement as to the grievance. Accordingly, UFCW Local 655 timely notified the Medical Center of its intent to arbitrate the grievance.

13. The parties mutually selected Joseph Nitka to serve as the impartial arbitrator of the grievance.

14. Beginning on October 6, 2005, UFCW Local 655 and the Medical Center arbitrated the discharge grievance filed by UFCW Local 655, which asserted that the Medical Center had

3

violated Section 14 of the parties' CBA and the National Labor Relations Act by discharging Schleef. Both parties had a full opportunity to present their positions and raise any issues at the hearing. Neither party challenged the authority or jurisdiction of the arbitrator. Thereafter, both parties submitted briefs.

15.     On August 14, 2006, Arbitrator Nitka issued an award sustaining UFCW Local 655's grievance, and ordering that the Medical Center reinstate the grievant and reimburse the grievant for all lost wages except an eight month suspension. A true and accurate copy of the Arbitrator's Award is attached hereto as Exhibit 2.

16.     Despite multiple demands to comply with the Arbitration Award, the Medical Center has refused to reinstate Schleef, who has now been discharged for approximately 19 months, and refused to make Schleef whole for all salary, wages, and other benefits she lost by reason of being discharged, less her eight month suspension, as reflected by the Arbitration Award.

17.     The Medical Center's refusal to comply with the Arbitration Award is groundless, without justification, and in bad faith. It is an unlawful act.

18.     Moreover, the Medical Center is currently understaffed in the position Schleef held and to which the Arbitrator ordered that Schleef be reinstated. The Medical Center currently has open positions for NICU Nurse Practitioner posted.

19.     This is not the first time the Medical Center has refused to comply with an Arbitration Award. UFCW Local 655 was compelled by the Medical Center's refusal to file suit in this Court to enforce an arbitration award in Case No. 4:04CV00480 CDP. UFCW Local 655

prevailed in that lawsuit, both at the district court level and through appeal to the Eighth Circuit Court of Appeals, Case No. 05-4316.

20. The Medical Center has repeatedly committed blatant violations of the collective bargaining agreement, such as by refusing to permit the Union to choose its own Business Representatives to service the bargaining unit. The Medical Center recently lost an arbitration over its refusal to provide access to a Union business representative. Another grievance arbitration on the issue is still pending.

21. Currently, there is a petition pending before the NLRB seeking to decertify the Union.

22. If the Medical Center is permitted to continue violating the collective bargaining agreement by disregarding the results of the parties' contractual grievance procedure and refusing to reinstate Schleef, the Union and all members of UFCW Local 655 will suffer substantial and irreparable injuries for which there are no adequate remedies at law. Among other things:

 a. Bargaining unit members will be chilled from exercising their rights by this evidence that the Medical Center can get by with disregarding the grievance procedure;

 b. Bargaining unit members will believe that their Union is not effective, thereby making it more likely that they will vote to decertify the Union, leaving bargaining unit employees with no representation.

 c. Bargaining unit members are harmed by working in an environment where they are understaffed because of their employer's willful violation of the collective

bargaining agreement, to wit, by the Medical Center's unlawful discharge of competent nurses like Schleef and its unwillingness to abide by arbitral awards reinstating such unlawfully discharged nurses.

22. The injury that will be inflicted upon the Union and all members of UFCW Local 655 by the denial of injunctive relief would be much greater than any injury that may be inflicted upon the Medical Center by the granting of such relief.

23. No injury would be sustained by the public through issuance of the requested injunctive relief. Schleef's nursing skills have never been in question and the Medical Center is understaffed in the area of NICU Nurse Practitioners.

WHEREFORE, UFCW Local 655 requests:

1. Issue a Temporary Restraining Order, and then a Preliminary Injunction and a Permanent Injunction requiring the Medical Center to permit Cathy Schleef to immediately return to work in compliance with the Arbitrator's Award;

2. That this Court enter a judgment enforcing the arbitrator's award by ordering defendant to reinstate Schleef and make her whole by reimbursing her for all salary, wages, and other benefits she lost by reason of being discharged, less the eight month suspension ordered by the Arbitrator.

3. That this Court enter a Judgment in such amount as the Court finds to be due for the period of non-compliance with the Award, beginning with the date of the Arbitrator's Award with pre-judgment interest from and after the date of the Medical Center's refusal to comply with the

Arbitration Award, including any amounts due for the period from any demand for discharge made after the arbitration hearing up to and including the date of this Court's order;

4. That this Court award UFCW Local 655 its attorneys' fees and costs sustained in this action;

5. That this Court grant UFCW Local 655 such other and further relief as may be just and proper in the premises.

Respectfully submitted,

SHERRIE A. SCHRODER, #4307
JANINE M. MARTIN, #55240
HAMMOND, SHINNERS, TURCOTTE,
LARREW and YOUNG, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri 63105
(314) 727-1015 (Telephone)
(314) 727-6804 (Fax)
saschroder@hstly.com (E-mail)
jmartin@hstly.com (E-mail)

Attorneys for UFCW Local No. 655

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220, this September 8, 2006.

## Verification

STATE OF MISSOURI          §
                                        §
COUNTY OF ST. LOUIS     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Nancy Dobbs, who, being by me duly sworn on oath deposed and said that she is a Business Representative for the United Food & Commercial Workers Local Union No. 655, the plaintiff in the above entitled and numbered action, that she is authorized to make this affidavit, that she has read the foregoing Original Verified Complaint for Injunctive Relief to Enforce an Arbitration Award, and that the matters set forth therein are within her personal knowledge and are true and correct.

_____
Nancy Dobbs

SUBSCRIBED AND SWORN TO BEFORE ME on this 8 day of September 2006, to certify which witness my hand and official seal.

_____
Notary Public, State of Missouri

HANNAH M. MERRITT
Notary Public - Notary Seal
State of Missouri
County of St. Louis
My Commission Exp. 04/07/2008

8