UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NO. 655,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOHN'S MERCY HEALTH SYSTEM d/b/a ST. JOHN'S MERCY MEDICAL CENTER,<br><br>Defendant. | Case No.: 4:06CV01345 CDP |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW plaintiff United Food and Commercial Workers, Local No. 655, by and through its attorneys, and files its Memorandum in Opposition to Defendant's Motion to Dismiss,[1] by stating as follows:

**A. Standard for Deciding Motion to Dismiss**

In reviewing a motion to dismiss, the Court must review the allegations in the complaint most favorably to the plaintiff and should dismiss only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint allegations. Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The Medical Center has not established that plaintiff can prove no set of facts entitling it to relief and thus, its motion should be denied.

---

[1] Plaintiff is not responding to Defendant's Memorandum In Opposition to Plaintiff's Motion for a TRO in that this Court has already denied the Motion and therefore, a response on that issue is moot.

## B. The District Court Has Jurisdiction Over Plaintiff's Complaint
## For Enforcement Under Section 301 of the LMRA

Plaintiff has filed a complaint for the enforcement of an arbitration award. In paragraph 1 of said complaint, plaintiff states:

> 1. This action arises under, and jurisdiction is conferred on this Court by virtue of, Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185. Plaintiff brings this action seeking enforcement of an arbitration award issued by an impartial arbitrator.

For relief, plaintiff requests, among other things:

> 2. That this Court enter a judgment enforcing the arbitrator's award by ordering defendant to reinstate Schleef and make her whole by reimbursing her for all salary, wages, and other benefits she lost by reason of being discharged, less the eight month suspension ordered by the Arbitrator.

Despite this clear request for judgment under Section 301, defendant seeks dismissal on the grounds that this Court is without jurisdiction to issue an injunction. Even were this assertion correct, which plaintiff denies, it would not entitle defendant to a dismissal because plaintiff's complaint also sets forth a request for enforcement of an arbitration award pursuant to Section 301 of the LMRA. The federal courts indisputably have jurisdiction over suits to enforce an arbitration award brought under Section 301. 29 U.S.C. § 185(a); <u>Steelworkers v. Enterprise Wheel & Car Corp.</u> 363 U.S. 593 (1960). Thus, on this basis alone, defendant's motion for dismissal must be denied.

## C. The District Court Has Jurisdiction Over Plaintiff's Complaint For Injunctive Relief Under Section 301 of the LMRA

Even had the plaintiff only filed a complaint seeking injunctive relief, and not also seeking enforcement of the arbitrator's award, defendant's motion must be denied because this Court does have jurisdiction to issue an injunction to enforce the arbitrator's award pursuant to Section 301 of the LMRA. See, e.g., Buffalo Forge Co. v. United Steelworkers, 428 U.S. 397, 411-12 (1976); Boston Celtics Limited Partnership v. Shaw, 908 F.2d 1041, (1st Cir. 1990); see also New Orleans Steamship Ass'n v. General Longshore Workers Local 1418, 626 F.2d 455, 466 (5th Cir. 1980), aff'd sub nom Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Ass'n, 457 U.S. 702 (1982); San Francisco Elec. Contractors Ass'n v. International Broh. of Elec. Workers No. 6, 577 F.2d 529 (9th Cir.), cert. denied, 439 U.S. 966 (1978); Complete Auto Transit, Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 414, Int'l Broh. of Teamsters, 839 F.Supp. 1339 (N.D. Ind. 1993). The parties' initial positions in this case to the contrary, the cases cited above establish that actions to obtain an injunction for enforcement of the award of an arbitrator rendered pursuant to a collectively bargained-for grievance/arbitration procedure do not fall within the strictures of the Norris-LaGuardia Act, 29 U.S.C. § 107, but rather fall squarely within the parameters of judicial authority under Section 301.

Defendant correctly points out that in Buffalo Forge, the Supreme Court stated that when the parties have an agreed-upon method for the resolution of their differences, i.e., arbitration, judicial remedies are generally not available; however, in the same decision, the Supreme Court distinguished the pre-arbitration situation from the post-arbitration situation. When the parties have already exhausted their agreed-upon method of resolution, but one party has not complied with the result of that process, the federal courts need not remove themselves from the fray. Thus, in Buffalo Forge, in distinguishing the pre-arbitration injunction situation facing it from the post-arbitration injunction situation, the Court

stated: "[W]ere the issue arbitrated and the strike found illegal, the relevant federal statutes as construed in our cases would permit an injunction to enforce the arbitral decision." 428 U.S. 397, 406 (1976); see also Pittsburgh & Lake Erie R. Co. v. Railway Labor Executives Ass'n, 491 U.S. 490, 513 (1989) (citation omitted) ("the NLRA § 4 general limitation of district court's power to issue injunctions in labor disputes must be accommodated to the more specific provisions of the RLA: '[T]he District Court has jurisdiction to issue necessary injunctive orders' to enforce compliance with the requirements of the RLA 'notwithstanding the provisions of the Norris-LaGuardia Act.'")

Numerous Circuit Courts have since relied upon the language of Buffalo Forge to hold that judicial action under Section 301 "clearly may include a preliminary injunction enforcing an arbitration award." Boston Celtics Limited Partnership v. Shaw, 908 F.2d 1041, (1st Cir. 1990); see also CSX Transp., Inc. v. United Transp. Union, 86 F.3d 346 (4th Cir. 1996); New Orleans Steamship Ass'n v. General Longshore Workers Local 1418, 626 F.2d 455, 466 (5th Cir. 1980), aff'd sub nom Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Ass'n, 457 U.S. 702 (1982); San Francisco Elec. Contractors Ass'n v. International Broh. of Elec. Workers No. 6, 577 F.2d 529 (9th Cir.), cert. denied, 439 U.S. 966 (1978); Complete Auto Transit, Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 414, Int'l Broh. of Teamsters, 839 F.Supp. 1339 (N.D. Ind. 1993). These cases explain that the Norris-LaGuardia Act is not implicated in actions to enforce already rendered arbitration decisions.[2] In this regard, plaintiff must point out that the Fourth Circuit case it cited in its Memorandum in Support of Motion for a Temporary Restraining Order, District 17, United Mine Workers of America v. Apogee

---

[2] Some of the above cases were decided under the Railway Labor Act, 45 U.S.C. §§151-163 (1944), ("the RLA") which, among other things, establishes an arbitration process for the settlement of certain grievances between railroad employees and their employers. Because the purpose of both the RLA and the LMRA is the peaceful resolution of workplace disputes, the cases discussing the applicability of the NLGA to either RLA or LMRA injunction cases rely on the same cases and the same analysis. See, e.g., CSX Transp., Inc. v. United Transp. Union, 86 F.3d 346 (4th Cir. 1996).

Coal Co. (Apogee Coal), 13 F.3d 134, 136 (4th Cir. 1993), appears to be an aberrant decision.  In fact, in 1996, the Fourth Circuit specifically held that "[t]he district court thus has the jurisdiction to issue injunctive orders to enforce compliance with arbitration awards notwithstanding the provisions of the Norris-LaGuardia Act."  CSX Transp., Inc. v. United Transp. Union, 86 F.3d 346, 351 (4th Cir. 1996).

The result reached by the Fourth Circuit in CSX Transp., and by the other circuit courts cited above, stems from the accommodation of the purposes of the NLGA with that of other federal statutes that foster arbitration in the workplace.  The Fourth Circuit explained that the NLGA was designed to correct "'the abuses that had resulted from the interjection of the federal judiciary into union-management disputes on the behalf of management.'"  CSX Transp., Inc., 86 F.3d at 351 (quoting Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 251-53 (1970).  However,

> [w]hen a court enforces an arbitrator's award, that court is not interjecting itself on behalf of either side.  Sometimes enforcement of a neutral arbitrator's award will benefit the [employers], other times, the union. *See, e.g., Nursing H. & Hosp. Union v. Sky Vue Terrace*, 759 F.2d 1094, 1098 (3rd Cir. 1985) ("an injunction prohibiting the further distribution of Sky Vue's assets was necessary to ensure that an arbitral award in union's favor was more than a 'hollow formality'").

The Fifth Circuit Court of Appeals in New Orleans Steamship Ass'n v. General Longshore Workers, 626 F.2d 455, 466 (5th Cir. 1980), similarly states:

> Moreover, because of the national labor policy in support of agreed upon dispute-settlement procedures, an injunction may issue to prevent the violation of an arbitration award, once rendered.  Such an injunction is deemed authorized by the LMRA of 1947, limiting the reach of the Norris-LaGuardia anti-injunction policy.

As is clear from the above discussion, this Court has jurisdiction to decide whether plaintiff is entitled to an injunction enforcing the award of the arbitrator and dismissal based on lack of jurisdiction is inappropriate.

### D.  The Complaint Should Not Be Dismissed for Failure to Meet the Requirements of the NLGA

Because plaintiff does not need to meet the requirements of the NLGA in order to establish its right to an injunction in this matter, this ground for dismissal is moot.  Furthermore, because the NLGA is inapplicable altogether in an action to enforce an arbitration award, this case does not fall within the "reverse Boys Market" exception from the NLGA category either.  Plaintiff asserts that it need satisfy only those factors set forth in the Eighth Circuit's decision in Dataphase Systems, Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981) (en banc) to establish entitlement to an injunction.  See Boston Celtics Ltd. Partnership v. Shaw, 908 F.2d 1041 (1st Cir. 1990) (circuit court applied regular preliminary injunction standard in determining whether to issue an injunction under Section 301 enforcing an arbitration award prohibiting a basketball player from playing for another basketball team); Transamerica Delaval v. United Steelworkers of America, 1982 WL 31238, 109 L.R.R.M. 3064 (S.D. Tex. 1982) (court granted preliminary injunction reinstating discharged employee pursuant to an arbitration award pending trial on enforcement action).

As set forth in Dataphase:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

640 F.2d at 113.

Because the Medical Center assumes application of the NLGA to this dispute, several of the

factors it discusses in its memorandum are simply inapplicable and therefore, will not be discussed herein, i.e., threatening of an unlawful act, injury to plaintiff's property, existence of public officers charged with protecting plaintiff's property. However, there remain two areas of overlap between the NLGA standard and the Dataphase standard that are addressed in the Medical Center's memorandum; 1) whether plaintiff can prove irreparable injury, which subsumes the "adequate remedy at law" inquiry, and 2) whether plaintiff can show the balance of harms favors it.

    1.    **Irreparable Harm and Inadequacy of Remedy at Law.** The Medical Center asserts that as a matter of law, plaintiff cannot establish irreparable injury, or that plaintiff has no adequate remedy at law, thereby warranting the dismissal of plaintiff's request for an injunction. However, dismissing on this basis requires going beyond plaintiff's complaint allegations to a weighing of evidence. Plaintiff has alleged irreparable harm and no adequate remedy at law; it has alleged that the Medical Center's repeated refusal to abide by the binding rulings of adjudicators chills the bargaining unit and causes bargaining unit members to lose belief in the Union's effectiveness. There is no caselaw holding that, as a matter of law, this sort of harm cannot form the foundation for an injunction and therefore, there is no ground for dismissal on the basis of black-letter law. Furthermore, if proven that the Medical Center's continued failure to abide by arbitral rulings chills the union members in the exercise of their rights and/or causes a loss of support for the Union, the damage would be irreparable. This sort of damage is exactly the sort for which there simply is no adequate remedy at law, no amount of money, that could fix it.

Whether plaintiff ultimately will be able to array sufficient evidence to prove its allegations is not a matter for consideration on a motion to dismiss; plaintiff's inability to prove this element of its claim simply cannot be assumed at the motion to dismiss stage. Therefore the Medical Center's

motion to dismiss goes beyond what can be considered on a motion to dismiss and must be denied.

      2.      **Balance of** Harms. The Medical Center also argues that an injunction reinstating Schleef to her position of neonatal nurse practitioner (NNP) in the Neonatal Intensive Care Unit (NICU) harms it more than the denial of an injunction will harm plaintiff because it takes away from the Medical Center a bargained-for right to assign Schleef where it wants. Again, however, this issue cannot be decided on a motion to dismiss. Making this determination requires more than simply a decision that the complaint does not state a claim on its face, but requires a consideration of facts and argument not yet before the court. For starters, the Medical Center would have to prove that this harm is actually implicated by plaintiff's complaint; management's rights under the Management Right's clause are "specifically limited by the terms and provisions of this Agreement." Exhibit 1 to Complaint, Article 7, Section 7.1. Thus, the Medical Center must prove, with actual evidence rather than argument, that its supposed unfettered right to assign its employees even exists. Next, the Medical Center would have to show that that harm outweighs the likely harm to the Union of having the bargained-for right of binding arbitration gutted by the Medical Center's failure to comply with an arbitrator's award. These issues cannot be resolved on a motion to dismiss.[3]

---

[3] Although some of the issues raised by the Medical Center arguably could be considered at the summary judgment stage, such a motion has not been submitted. The present motion does not comply with the procedural requirements for a summary judgment motion; most obviously, there is no statement of undisputed facts, and therefore, plaintiff has not responded as if to a motion for summary judgment.

## **CONCLUSION**

As set forth above, this Court has jurisdiction under Section 301 over the entirety of plaintiff's complaint: both its request for enforcement of an arbitrator's award and its request for an injunction enforcing the arbitrator's award. The other arguments regarding the sufficiency of plaintiff's claims are not properly presented in a motion to dismiss. Plaintiff's complaint alleges a valid cause of action both for enforcement and for an injunction. The Medical Center's arguments assume failures of proof that simply cannot be assumed on a motion to dismiss.

The Medical Center's motion must therefore be denied.

Respectfully submitted,

/s/ Janine M. Martin
SHERRIE A. SCHRODER, #4307
JANINE M. MARTIN, #55240
HAMMOND, SHINNERS, TURCOTTE,
LARREW and YOUNG, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri 63105
(314) 727-1015 (Telephone)
(314) 727-6804 (Fax)
saschroder@hstly.com (E-mail)
jmartin@hstly.com (E-mail)

Attorneys for UFCW Local No. 655

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 25, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:
William M. Lawson
Lowenbaum Partnership, L.L.C.
222 South Central Avenue, Suite 901
St. Louis, MO 63105

                /s/ Janine M. Martin